JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 23-3327-KK-AJR** | Date: | June 26, 2024 |
| Title: | *King Spider, LLC v. I.Y.V.E LLC* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

## I.
## PROCEDURAL HISTORY

On May 2, 2023, plaintiff King Spider, LLC ("Plaintiff") filed a Complaint against defendant I.Y.V.E. LLC, ("Defendant") alleging claims of trademark infringement for Defendant's improper use of Plaintiff's SP5DER Marks.[1]  ECF Docket No. ("Dkt.") 1.

On December 28, 2023, Plaintiff filed a Motion for Leave to File an Amended Complaint ("FAC") seeking to add two additional defendants to the action – defendants Felipe de Jesus Torres and Jesus Lua.  Dkt. 29.  On January 26, 2024, the Court granted Plaintiff's Motion, and Plaintiff filed the First Amended Complaint.  Dkts. 35, 36.  On April 24, 2024 and April 29, 2024, Plaintiff served the FAC on defendants Lua and Torres.  Dkts. 47, 48.  Answers by defendants Lua and Torres were due on May 15, 2024 and May 20, 2024, respectively.  See id.

On May 28, 2024, the Court issued an Order to Show Cause ("OSC") why the instant action should not be dismissed for failure to prosecute because the deadline to file Answers by defendants Lua and Torres had passed and Plaintiff had not yet sought an application for entry of default

---

[1] On January 18, 2024, Plaintiff filed a Motion for Default Judgment against Defendant after Defendant failed to appear or respond to the Complaint.  Dkt. 31.  On February 23, 2024, the Court granted Plaintiff's Motion for Default Judgment.  Dkt. 43.

pursuant to Federal Rule of Civil Procedure 55(a).  Dkt. 49.  The Court ordered Plaintiff to respond in writing on or before June 4, 2024.  Id.

On May 31, 2024, Plaintiff filed a written response.  Dkt. 50.  Plaintiff explained Plaintiff "was prepared to move for default judgment against said individuals, however, Plaintiff was recently made aware of a new entity owned by Mr. Lua that began to sell counterfeit SP5DER products[.]"  Id.  Accordingly, Plaintiff requested three weeks to file another motion for leave to amend the complaint.  Id.

It has been over three weeks since Plaintiff filed its Response to the Court's May 28, 2024 OSC.  To date, Plaintiff has not filed a motion for leave to amend the FAC.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See FED. R. CIV. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute) overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders).  In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Plaintiff claimed Plaintiff intended to file a Motion to Amend within three weeks of Plaintiff's May 31, 2024 response to the Court's OSC.  Dkt. 50.  To date, however Plaintiff has not filed a Motion to Amend the FAC.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been: (1)

instructed on its' responsibilities; and (2) granted sufficient time in which to discharge them.  See dkt. 49.  The instant action has been pending since May 2023, and Plaintiff has been given sufficient time and opportunity to litigate this case.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to prosecute the action diligently.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's active participation in this litigation.  Plaintiff has shown it is either unwilling or unable to comply with court orders by failing to cooperate in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see dkt. 49.

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  Additionally, the Court's May 28, 2024 Order to Show Cause is **DISCHARGED**.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**